IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO.: 21-1037 |
| | ) | |
| DANNY RAY WILLIAMS, JR. | ) | |

**UNITED STATES' MOTION TO DISMISS APPEAL**

The United States, through Jonathan D. Ross, Acting United States Attorney for the Eastern District of Arkansas, and Michael Gordon, Assistant United States Attorney for said district, respectfully moves this Court to dismiss the appeal of Appellant Danny Ray Williams, Jr. due to the appellate waiver in his plea agreement.

**I.     BACKGROUND**

On June 6, 2017, Williams was charged in a six-count Indictment with Distribution of Methamphetamine, in violation of 21 U.S.C. §841(a)(l) and (b)(l)(B) (Counts One and Two); Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(l) and (b)(l)(C) (Count Three); Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(l) and (b)(l)(D) (Count Four); Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(l) and (b)(l)(C) (Count Five); and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(l) and (b)(l)(C) (Count Six).

1

(DCD 9).[1] A Superseding Indictment was filed on August 1, 2017, adding the charge of Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(l) and (b)(l)(B) as Count One, adding two additional charges, and renumbering the charges. (DCD 23). On January 9, 2018, a Second Superseding Indictment was filed, substituting the charge of Conspiracy to Distribute Actual Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(l) and (b)(l)(A) as Count One, renumbering the remaining charges, and adding two forfeiture allegations. (DCD 55).

On September 6, 2018, pursuant to the terms of a written plea agreement with the United States, Williams entered a plea of guilty to Count One of the Second Superseding Indictment, and the remaining charges against him were dismissed. (DCD 102). In Paragraph 17 of the plea agreement, Williams and his counsel stated that they had reviewed every part of the plea agreement, that Williams understood the plea agreement, and that Williams agreed to its terms and conditions. (DCD 102). Specifically, the plea agreement stated:

    17. **<u>APPROVALS AND SIGNATURES</u>**:

        A.    <u>DEFENDANT</u>: The defendant has read this Agreement and Addendum and carefully reviewed every part of it with his attorney. The defendant understands and voluntarily agrees to the terms and conditions of this Agreement and Addendum.

---

[1] "DCD" refers to the district court docket in case 4:17-CR-137-JM (EDAR).

> Further, the defendant has consulted with his attorney and fully understands his rights with respect to the provisions of the United States Sentencing Guidelines which may apply to this case. No other promises or inducements have been made to the defendant, other than those expressly contained in this Agreement and the Addendum. In addition, no one has threatened or forced the defendant in any way to enter into this Agreement and Addendum. Defendant further acknowledges that defendant has entered into this Agreement and Addendum, consciously and deliberately, by defendant's free choice, and without duress, undue influence or otherwise being forced or compelled to do so, and this Agreement and Addendum constitute the legal, valid and binding obligation of the defendant, fully enforceable against defendant in accordance with its terms. Finally, the defendant is satisfied with the representation of his attorney in this case.
>
> B. <u>DEFENSE COUNSEL</u>: Defense counsel acknowledges that he is the attorney for the defendant, and that he has fully and carefully discussed every part of this Agreement and Addendum with the defendant. Further, defense counsel has fully and carefully advised the defendant of the defendant's rights, of possible defenses, and of the consequences of entering into this Agreement and Addendum, including the possible consequences of not complying with this Agreement and Addendum. To counsel's knowledge, the defendant's decision to enter into this Agreement and Addendum is an informed and voluntary decision.

(DCD 102).

Under the express terms of the written plea agreement, Williams waived certain rights. In Paragraph 4 of the plea agreement, Williams waived his right to appeal the conviction and sentence in this case, with only certain limited exceptions. The plea agreement stated the following:

3

> 4. WAIVERS: The defendant acknowledges that he has been advised of and fully understands the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. The defendant further understands that by entering into this Agreement and Addendum, he is waiving certain constitutional rights, including, without limitation, the following:
>
> A. The right to appeal or collaterally attack, to the full extent of the law, the conviction and sentence imposed, including any forfeiture or restitution order, as follows:
>
> (1) the defendant waives the right to appeal the conviction and sentence directly under Title 28, United States Code, Section 1291 and/or Title 18, United States Code, Section § 3742(a), including any issues that relate to the establishment of the Guideline range, except that the defendant reserves the right to appeal claims of prosecutorial misconduct and the defendant reserves the right to appeal the sentence if the sentence imposed is above the Guideline range that is established at sentencing;

(DCD 102).

During Williams' change of plea hearing on September 6, 2018, the United States recited the terms of the plea agreement, including the fact that the defendant was waiving certain appeal rights. (COP Tr. 9).[2] The district court specifically pointed out the plea agreement terms concerning waiver of appeal and confirmed that Williams understood and had reviewed that particular section with his attorney. (COP Tr. 10-11). With regard to the appeal waiver, the district court specifically

---

[2] "COP Tr." refers to the Change of Plea Hearing transcript. (DCD 101)

4

asked Williams if he was aware that he was "giving up virtually every right of appeal [he had] by entering into this plea agreement," and Williams indicated that he understood. (COP Tr. 10). The district court later accepted Williams' plea of guilty and found that the plea was entered knowingly and voluntarily. (COP Tr. 13).

On January 4, 2021, the district court sentenced Williams to a term of 275 months' imprisonment, five years of supervised release, and a $100 special penalty assessment. (DCD 157). On January 5, 2021, the defendant filed a timely notice of appeal. (DCD 159).

## II. ANALYSIS

By this Motion, the United States seeks an order dismissing the appeal of Williams because of the appellate waiver in his plea agreement. Where a defendant has entered into a plea agreement containing a waiver of appeal, the Eighth Circuit has enforced the appeal waiver where 1) the appeal falls within the scope of the waiver, 2) both the waiver and plea agreement were entered into knowingly and voluntarily, and 3) enforcing the waiver would not result in a miscarriage of justice. *United States v. Guzman*, 707 F.3d 938, 941-42 (citing *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003)). This Circuit has found a defendant's appeal waiver to be knowing and voluntary where the plea agreement stated that the guilty plea was voluntary and not coerced, that the defendant had discussed the case and

his rights with his attorney, that the defendant was advised of the nature and range of a possible sentence, and the defendant had reviewed the provisions of the plea agreement with his attorney. *Guzman*, 707 F.3d at 941 (citing *United States v. Cervantes*, 420 F.3d 792, 794 (8th Cir. 2005)). An appeal waiver does not result in a miscarriage of justice where the sentence is within the applicable statutory range. *Guzman*, 707 F.3d at 942 (explaining the defendant's waiver of right to appeal his sentence was knowing and voluntary, and that enforcing the waiver where the sentence was below the statutory maximum did not amount to a miscarriage of justice).

By its terms, Paragraph 4 of the plea agreement entered into by Williams explicitly waived *all* of his appellate rights *except for*: (1) claims of prosecutorial misconduct; and (2) the sentence *if the sentence imposed is above the Guideline range that is established at sentencing*. The United States does not anticipate that the appeal in this case will raise any issues of prosecutorial misconduct, and the sentence imposed, 275 months' imprisonment, is within the established Guideline range of 262 to 327 months' imprisonment.

Williams now seeks review of the district court's judgment. However, under the express terms of the written plea agreement signed by Williams and his counsel

6

and entered into the record by the district court, Williams has waived his right to appeal the issues he is now attempting to raise on appeal.

WHEREFORE, the United States respectfully requests that the Court enter an order dismissing this appeal.

Respectfully submitted,

JONATHAN D. ROSS
Acting United States Attorney

By: MICHAEL GORDON
Bar No. 00795383
Assistant United States Attorney
P. O. Box 1229
Little Rock, AR 72203
Telephone No. (501) 340-2600
Email: Michael.Gordon@usdoj.gov

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) and the word limit of Fed. R. App. P. 27(d)(2), excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1448 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in size 14 in Times New Roman.

By: MICHAEL GORDON
Bar No. 00795383
Assistant United States Attorney
P. O. Box 1229
Little Rock, AR 72203
Telephone No. (501) 340-2600
Email: Michael.Gordon@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on February 25, 2021, a copy of the foregoing was electronically filed with the Clerk of the Court by using the Case Management/Electronic Case Files (CM/ECF) system.

                                  By: MICHAEL GORDON
                                  Bar No. 00795383
                                  Assistant United States Attorney
                                  P. O. Box 1229
                                  Little Rock, AR 72203
                                  Telephone No. (501) 340-2600
                                  Email: Michael.Gordon@usdoj.gov