# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | NO. 21-1037 |
| | ) | |
| DANNY RAY WILLIAMS, JR. | ) | |

## DANNY RAY WILLIAMS, JR.'S RESPONSE
## TO MOTION TO DISMISS APPEAL

Comes now Danny Ray Williams, Jr., by and through his attorney, Arkie Byrd, and for his Response to the Government's Motion to Dismiss Appeal, states as follows:

### I. FACTUAL BACKGROUND

On September 6, 2018, the Defendant entered a plea of guilty pursuant to a written plea agreement with the United States to Count I of a Second Superseding Indictment. Count I of the Second Superseding Indictment charged the Appellant with Conspiracy to Possess with Intent to Distribute a Controlled Substance (actual methamphetamine-50 grams or more), a violation of Title 21, United States Code, §846.

At the change of plea hearing, the Court engaged in a colloquy between the Court and the Defendant, Defendant's then counsel, David Cannon and the Assistant U.S. Attorney Michael Gordon. During the course, Mr. Williams acknowledged his

guilt and he also affirmed the waivers contained in the plea agreement, including the waiver of his right to appeal and to collaterally attack his conviction and sentence in this case. (**COP TR.p.9**)[1] Specifically, the Court was inquiring of Mr. Williams his knowledge and understanding that he was waiving his right to appeal his conviction and sentence as set forth in his plea agreement. **(See, DCD No. #102 in below District Court Case No. 4:17-CR-137-JM (ED AR))**

The Court having received affirmation by Mr. Williams that he knew and understood the rights that he was waiving, including his right to appeal specifically, the Court inquired of Mr. Williams as follows:

> **THE COURT:** **Do you realize that you are giving up virtually every right of appeal that you have by entering into this plea agreement?**
>
> **THE DEFENDANT: Yes, sir. (COP TR.p.10)**

The Court having ascertained Mr. Williams' desire to enter his plea of guilty and that Mr. Williams understood his rights, including waiver of his right to appeal, the hearing proceeded with the Government reading the allocution into the record. **(COP TR.pgs.11-12)** Mr. Williams affirmed the allocution of his role and responsibility pursuant to Count I of the Second Superseding Indictment. The Court

---

[1](COP TR references change of plea hearing transcript)

2

ascertained if the allocution as read into the record by the Government was true and Mr. Williams affirmed the truthfulness of the allocution. Following the allocution, Appellant entered his plea of guilty and the District Court accepted said plea. **(COP TR.p.13)**

Following the September 6, 2018 change of plea hearing, and the preparation of the Presentencing, the Court scheduled a sentencing hearing for September 12, 2019. Mr. Williams appeared with his then attorney (David Cannon) and the Government was present, represented by Michael Gordon. The Court proceeded to detail the process involved by which the Court would arrive at a sentence. **(Sentencing Hearing TR.p.2)** However, the sentencing hearing was continued because Mr. Williams communicated to the Court his dissatisfaction and lack of communication with his then attorney. The Court continued the hearing with the caveat that his then attorney would remain his attorney until the Court appointed new counsel. Mr. Williams' dissatisfaction with his then counsel related to Mr. Williams' desire to withdraw his guilty plea. **(Sentencing Hearing TR.pgs.4-7)** Counsel herein filed a Motion to Withdraw Mr. Williams' guilty plea on September 9, 2020 **(DCD #135)**

The District Court subsequently appointed counsel herein to represent Mr. Williams in this matter. At the January 4, 2021 hearing, the Court conducted a

hearing, (prior to sentencing) on Mr. Williams' Motion to Withdraw Guilty Plea. The Court heard arguments from both parties regarding the Motion and denied Mr. Williams' Motion to Withdraw his Guilty Plea. **(See, Sentencing Hearing TR.p.6)**

## II. LEGAL ANALYSIS-ARGUMENT

"As a general rule, a Defendant is allowed to waive appellant rights." *U.S. vs. Andis, 334 F.3d 886, 889 (8th. Cir. 2003) (en banc)*. "When reviewing a purported waiver, this Court has stated, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." Id. @ 889-90. "Even when these conditions are met, the Court will not enforce a waiver where to do so would result in a miscarriage of justice." Id. @ 890. It is the Government's burden to prove that the plea agreement clearly and unambiguously waives a Defendant's right to appeal, the Court construes any ambiguities in the agreement against the Government. *U.S. vs. Sisco, 576 F.3d 791, 795 (8th Cir. 2009)*.

When addressing the constitutionality of express waivers of appellate rights and plea bargains, federal and state courts start with the proposition that these agreements are valid, so long as they are knowing and voluntary. *Brady vs. U.S., 397 U.S. 742, 752-53 (1970)*.

Mr. Williams contentions regarding his plea of guilty has consistently been his

4

belief that his guilty plea was not entered knowingly or voluntarily. The basis for his entering a guilty plea has to do with the issues that were raised in his Motion to Withdraw Guilty Plea. Mr. Williams has argued that he lacked meaningful contact with his prior counsel and that his prior counsel advised him to plead guilty based upon what he believes his attorney perceived as racial stereotypes that would confront him at a jury trial. Mr. Williams argued and now argues before this Court that his prior counsel did not provide him with adequate time or information to consider the Plea Agreement. Mr. Williams has asserted that he did not spend much time with his attorney and that he needed the plea agreement explained to him in a more in depth and detailed manner. He has contended that at the occasion where he did meet with his attorney regarding the plea agreement, he did not receive an actual copy of the Plea Agreement until prior to his change of plea hearing of September 6, 2018. Mr. Williams has also asserted that he entered the plea agreement because he was given information regarding a gun charge and that he did not fully understand the context of a gun charge.

Furthermore, Mr. Williams has contended that his prior counsel frightened him and intimidated him into the plea agreement because he discussed with him the ramifications of his ethnic hair style and how that could convict him alone, based on racial stereotypes. As a result of that conversation, Mr. Williams has asserted that he

5

feared going to trial and being convicted for his appearance and the racial stereotypes that he believed engendered his appearance. More specifically, his ethnic hair style. Mr. Williams believed that a conviction was highly likely based upon the conversation that he had with his attorney regarding his appearance. Wanting to avoid being convicted based upon his appearance was a major factor in Mr. Williams' entering the plea agreement.

Furthermore, Mr. Williams has contended in his argument on his Motion to Withdraw his Plea that he did not actually have a copy of his plea agreement until shortly before the change of plea hearing.

Finally, Mr. Williams has asserted as a basis for withdrawing his guilty plea that he immediately attempted to withdraw his plea after the change of plea hearing on September 6, 2018. He made every effort to reach out and contact his attorney, including writing the district court judge to express his concerns and his lack of a full understanding of the plea agreement and its ramifications. Mr. Williams also contends that in his effort to contact his attorney to express his desire to withdraw his guilty plea, he enlisted the help and support of family members who called and wrote his prior counsel, all in an effort to express his misgivings and desire to ultimately, withdraw his guilty plea. Mr. Williams has asserted that his prior counsel did not respond in a timely manner to he or his family in expressing his desire to withdraw

Appellate Case: 21-1037     Page: 6     Date Filed: 03/08/2021 Entry ID: 5012176

his guilty plea.

Fear of moving forward with a trial for any defendant is vexing. However, to fear facing a jury because your attorney warned you that potential jurors may hold your race or representations of your race against you, is not the way a guilty plea should come about or that a defendant should be held to the strictures of a plea agreement, based on fear, coercion.

For the reasons stated herein, Mr. Williams respectfully requests that the Government's Motion to Dismiss be denied and that he be allowed to proceed with the appeal of his conviction.

Respectfully submitted,

/s/Arkie Byrd #80020
MAYS, BYRD & ASSOCIATES, P.A.
212 Center St., 7th Floor
Little Rock, AR  72201
501-372-6303  Telephone
501-399-9280  Facsimile
E:mail: abyrd@maysbyrdlaw.com

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS

1. This document complies with the type-volume limit of Fed.R.App.P. 27(d)(2)(A) and the word limit of Fed.R.App.P. 27(d)(2), excluding the parts of the document exempted by Fed.R.App.P. 32(f), this document contains 1421 words.

2. This document complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type-style requirements of Fed.R.App.P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using WordPerfect X9 in size 14 in Times New Roman.

BY: /s/Arkie Byrd #80020
MAYS, BYRD & ASSOCIATES, P.A.
212 Center St., 7th Floor
Little Rock, AR 72201
501-372-6303 Telephone
501-399-9280 Facsimile
E:mail: abyrd@maysbyrdlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2021, a true and correct copy of the foregoing was filed with the clerk of the court, which shall send electronic notification to the following:

**Michael S. Gordon**
michael.gordon@usdoj.gov

/s/Arkie Byrd